| | |
|---|---|
| 1 | GILBERT MAINES, Esq. (SBN #48286) |
| 2 | LAW OFFICE OF Gilbert Maines<br>1320 Crooked Mile Court |
| 3 | Placerville, CA 95667<br>Ph.: 530-626-3562 |
| 4 | Fax: 530-626-3562<br>E-mail: gem@maineslaw.com |
| 5 | [Proposed] Attorney for Debtor-in-possession Alberto Gonzalez |

**UNITED STATES BANKRUPTCY COURT**
**IN THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

In re: ALBERTO GONZALEZ,
          Debtor in Possession

) CASE NO. 2013-27008
) DC NO. GEM-003
) Chp. 11
)
)
)
) Date: July 2, 2013
) Time: 9:32 a.m.
) Courtroom: 32
) Judge: Hon. Thomas Holman

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND**

**MODIFY RIGHTS OF SECURED CREDITORS PURSUANT TO 11 U.S.C. § 506(a)**

**FOR THE REAL PROPERTY LOCATED AT**

**81-83 Pearl Street San Francisco, CA 94103**

    Now comes the above-captioned debtor(s) and debtor(s) in possession (collectively, the "Debtor(s)") by and through their undersigned attorney, Gilbert Maines of the firm Law Office of Gilbert Maines, A Professional Corporation and files this motion (the "**Motion**"), pursuant to section 506(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Bankruptcy Rules 3012 and 9014 of the Federal Rules of Bankruptcy Procedure to value collateral securing certain residential loans, bifurcate lenders second Deed of Trust claim as secured and unsecured, and in support of the Motion states:

*FACTUAL BACKGROUND*

    1.    On May 23, 2013, the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. The Debtor currently owns the real property located at 81-83 Pearl Street San Francisco, CA 94103 with APN # 23-3502-054-01 (the "Property"). Further the debtor is in eq-

uitable possession of the Property.

2. Debtor utilizes the Property for rental purposes and does not use the Property as his principal residence. The declaration of Debtor, which describes the rental use of the Property, is incorporated herein by reference. Debtor acquired the Property on or about June 26, 2003. The property was built in 1906.

3. The Property currently has ONE (1) mortgage as identified below. Pursuant to Fed. R. Bankr. P. 3012 and 11 U.S.C. 506(a)(1), Debtor seeks to bifurcate the Claim of American Home Mortgage Assets Trust 2007-2 ("**1st Lender**") into secured and unsecured claims.

4. The Property is encumbered by a first deed of trust in favor of American Home Mortgage Assets Trust 2007-2 (originally American Brokers Conduit), securing repayment of its claim of approximately $ 949,035.00. To debtors knowledge no Proof of Claim has been filed for this claim.

***Property***

5. 81-83 Pearl Street San Francisco, CA 94103 with APN # 23-3502-054-01 Debtors rental property.

6. Debtor has utilized the "RealtyTrac.com" database as its basis of the ***true*** value of the subject property that will be imposed and which may affect the estate's other creditors. "RealtyTrac" is the database that is used and relied upon as accurate and is used primarily by FNMA, Freddie Mac and FDIC, the three largest real property owners in the United States. RealtyTrac identifies this property as "foreclosure imminent" due to the current public filings, the nature of the property being valued below the current debt obligation and the imminent characteristic of probable/existing default.

7. RealtyTrac has identified this properties' value based on the following characteristics that are inherent to the property:

    a. "In April, the number of properties that received a foreclosure filing in was 100% higher than the previous month and 60% lower than the same time last year."

    b. "Home sales for March 2013 were down 21% compared with the previous month, and down 39% compared with a year ago. The median sales price of a non-

distressed home was $785,000. The median sales price of a foreclosure home was $425,000, or 46% lower than non-distressed home sales".

    c.    The historical designation that has been imposed on this property is an impairment to the owner in that the dwelling(s) are not seismically retrofitted and are not allowed to receive such a treatment. The cost prohibitive nature of such an undertaking would be such that the value of the dwellings themselves would be surpassed by the costs associated with a total retro-fitting." Authority source: RealtyTrac.com May 16, 2013: *http://www.realtytrac.com/statsandtrends/ca/?address=83%20Pearl%20St%2C%20San%20Francisco%2C%20CA%2094103&parsed=1&st=83 pearl st&ct=san francisco&zp=94103&stc=ca&lat=37.7701096236706&lon=-122.423795834184*

    d.    Also, the Dept. of Planning has issued restrictions on this property that reduce and impair the values that would typically be associated with a similar property in this immediate area. The dwellings' structural integrity is below average and must be considered as a measure against total value.

8.    Therefore, the total valuation that should be imposed by the court is $391,000.00. The fair market rental values are also impaired by these anomalies and would only fetch approximately $3,000.00 in aggregate per month per local market conditions.

9.    Based on the Debtors' familiarity with the condition of the Property, the Property usage and the general San Francisco, CA real property market, the value of the Property is $ 391,000.00. The Debtor's valuation of the foreclosure imminent property in average condition is $ 391,000.00.

10.    This asserted value is based on the opinion of the Debtor. The Declaration of Debtor in support of this valuation is filed concurrently with this Motion and incorporated herein by reference.

11.    At the time of filing the petition, Property was subject to the following liens:

    a.    American Home Mortgage Assets Trust 2007-2 ("**1st Lender**"), Acct# xxxxxx6548, (First Deed of Trust) in an estimated amount of $ 949,035.00. The estimated amount owing is based upon the reported amounts on the debtors' credit report and/or

representations from the creditor or their agents.

## **CONCLUSION**

12.     Bankruptcy law is clear, absent sufficient equity in the Property, the first mortgage lenders claim is only partially secured and thus should be bifurcated into secured and unsecured claims.

13.     The Motion is based on this Motion, Notice of Hearing, Memorandum of Points & Authorities, and the Declaration of Debtor, filed and served herewith, on the schedules and pleadings on file herein and on such matters as may be presented at or before the hearing.

14.     This Motion is for purposes of Plan Confirmation. This Motion seeks to establish the value of collateral, not determine the extent, validity, or priority of a lien. Those issues will be resolved through Plan confirmation.

**WHEREFORE**, Debtor prays that this Court:

   a.     Value the Property in accordance with the debtor's declaration;

   b.     Bifurcate the claim of 1st Lender (Property) into secured and unsecured claims in the respective amounts of $ 391,000.00 as a secured claim and the remaining amount of approximately $ 558,035.00 as an unsecured claim; and

   c.     For such other relief as the Court deems just and proper.

Dated: May 29, 2013

                                          /s/ Gilbert Maines
                                          Gilbert Maines, ESQ.
                                          Attorney for Debtor