⑤

```
                    UNITED STATES BANKRUPTCY COURT

                     EASTERN DISTRICT OF CALIFORNIA

                          SACRAMENTO DIVISION
```

FILED
JUN 1 8 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re                              )
                                   )
Alberto Gonzalez,                  )    No. 13-27008-B-11
                                   )
        Debtor.                    )
                                   )
                                   )
_____)

**ORDER TO (1) DISCLOSE SINGLE ASSET REAL ESTATE / SMALL BUSINESS CASE STATUS; (2) FILE STATUS REPORT; AND (3) ATTEND PRELIMINARY STATUS CONFERENCE**

The following dates shall apply in this chapter 11 case:

Last date by which the debtor shall serve of a copy of this order on the persons designated below: June 28, 2013.

Last date by which the debtor shall file and serve a preliminary status report: **no sooner than two weeks before the date of the preliminary status conference, and no later than one week before the date of the preliminary status conference** set forth in this order.

Preliminary chapter 11 status conference: **August 13, 2013 at 1:30 p.m.**

<u>SINGLE ASSET REAL ESTATE / SMALL BUSINESS DEBTOR</u>

The petition filed in this case required the debtor to designate the nature of debtor's business, including whether debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. §101(51B), and to state whether or not debtor is a Small Business Debtor. See 11 U.S.C. §§ 101(51C), 51(D), 1102(a)(3), & 1121(e). If debtor failed to properly complete these portions of the petition, debtor shall file an amended petition within ten court days of entry of this order that complies with Interim Federal Rule of Bankruptcy Procedure 1020(a).

A party in interest may contest the debtor's claim that it is or is not a "Small Business Debtor" by motion set for hearing in accordance with Interim Federal Rules of Bankruptcy Procedure 1020(b) and (d) and Local Bankruptcy Rule 9014-1. Any response, as well as any reply, shall be in served and filed in accordance with Local Bankruptcy Rule 9014-1.

A party in interest may contest the debtor's claim that it does or does not own "single asset real estate" by motion set for hearing in accordance with applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9014-1. Any response, as well as any reply, shall be in served and filed in accordance with Local Bankruptcy Rule 9014-1. However, any motion contesting the debtor's statement in the petition regarding single asset real estate shall be set for hearing by the objecting party on a date not more than 120 days after the date of petition.

## SERVICE AND PROOFS OF SERVICE

**Service of this Order.** The debtor shall, by the date set forth above, serve a copy of this order upon the following persons: (1) the United States trustee; (2) the holders of the 20 largest unsecured claims, excluding insiders; (3) all general partners, limited partners, or shareholders of the debtor; (4) all holders of secured claims; (5) all parties to executory contracts and unexpired leases; and (6) all parties that request special notice. If any of the foregoing persons is represented by an attorney known to the debtor, the attorney shall also be served with a copy of this order. The debtor shall file a proof of service no later than three court days after service of this order.

**Service of the Preliminary Status Report.** The debtor shall, by the date set forth above, file a preliminary status report and serve a copy of it on the same persons served with this order. The debtor shall file a proof of service no later than three court days after service of the preliminary status report.

## CHAPTER 11 PRELIMINARY STATUS REPORT

**Contents of Preliminary Status Report.** The preliminary status report shall contain an overview of the case, including the following matters, under the following headings, and in the following order:

(1) <u>History of the Debtor</u>. The event(s) that caused the debtor to file the petition;

(2) <u>Type of Plan</u>. Whether the plan will be one of liquidation or reorganization;

(3) <u>Cramdown</u>. Whether the debtor intends to confirm the plan under 11 U.S.C. §1129(a)(8) or 11 U.S.C. §1129(b);

(4) <u>Valuation of Assets</u>. Whether the debtor anticipates any litigation concerning the valuation of assets;

(5) <u>Cash Collateral and Adequate Protection</u>. Whether the debtor anticipates any motions concerning cash collateral and adequate protection issues;

(6) <u>Adversary Proceedings</u>. Whether the debtor anticipates filing any adversary proceedings that will be necessary to confirm or implement a plan. The debtor shall include a general description of the underlying facts that will give rise to the proceeding as well as the bankruptcy code sections under which the proceedings will be filed and who the anticipated parties will be;

(7) <u>Environmental Issues</u>. Whether the estate includes any property that could potentially give rise to claims or litigation based upon federal or state environmental laws;

(8) <u>Objections to Claims</u>. Whether the debtor will object to any claims, the number of objections that will be filed, and the aggregate amount of the disputed claims;

(9) <u>Post-confirmation sale of assets</u>. Whether the plan will include the post-confirmation sale of any assets that will require the involvement of the court;

(10) <u>Anticipated Professional Fees</u>. Listed by profession, name, and expected amount of compensation; and

(11) <u>Small Business Case</u>. Whether this case is a Small Business Case. See 11 U.S.C. §§ 101(51C), 51(D), 1102(a)(3), & 1121(e).

**Sanctions for Failure to Comply.** Failure to comply with this order may result in sanctions including dismissal, conversion, or the appointment of a trustee. Filing a preliminary status report with perfunctory conclusions and no meaningful factual detail does not comply with

this order. The preliminary status report must contain sufficient information to enable the court to understand the financial problems which precipitated the filing of the petition, the debtor's anticipated plan of reorganization, and the types of contested matters and adversary proceedings that will likely be filed. With this information the court may set the deadlines described below and determine if it will give preliminarily approval of a disclosure statement without a hearing and give final approval of the disclosure statement at the hearing to confirm the plan. In appropriate circumstances, the court may also permit the plan and disclosure statement to be combined into one document.

## CHAPTER 11 PRELIMINARY STATUS CONFERENCE

The preliminary status conference will be held on the date set forth above, at the Robert T. Matsui United States Courthouse, 501 I Street, Sixth Floor, Courtroom 32, Sacramento, California. The person responsible for the debtor's compliance with Chapter 11 requirements and the debtor's counsel shall attend this conference in person (not by telephone).

At the preliminary status conference, the court may enter orders and set deadlines as follows:

(1) <u>Combined Plan and Disclosure Statement</u>. If appropriate, the court may permit the debtor to combine the plan and disclosure statement into one document. In such a case, the court will preliminarily approve the disclosures contained in the combined document. After preliminary approval, the combined document may be served and set for a hearing to consider final approval of the disclosures and confirmation of the plan.

(2) <u>Preliminary Approval of Disclosure Statement</u>. If the court does not permit the plan and disclosure statement to be combined into one document, it may permit the debtor to obtain preliminary approval of a separate disclosure statement without a hearing. In such instances, after preliminary approval, the disclosure statement and plan may be served and set for a hearing to consider final approval of the disclosure statement and confirmation of the plan.

(3) <u>Date for Filing of the Plan and Disclosure Statement</u>. The court may set a deadline for the debtor's filing of a proposed disclosure statement and plan. The court anticipates that these documents will be filed in most cases within thirty to ninety days after the preliminary status conference.

(4) <u>Date of Hearing on the Disclosure Statement</u>. If the court will not preliminarily approve the disclosure statement, it may set a deadline for a hearing to consider approval of the disclosure statement.

(5) <u>Date of Hearing to Confirm the Plan</u>. A deadline may be set for confirmation of the plan and, if the court will preliminarily approve the disclosure statement, for final approval of the disclosure statement.

(6) <u>Executory Contracts</u>. The court may set a deadline for the debtor to accept or reject executory contracts and unexpired leases.

**Telephonic Appearances.** Any party in interest (other than the person responsible for the debtor's compliance with Chapter 11 requirements and the debtor's counsel) may attend the preliminary status conference by telephone provided that the necessary arrangements are made directly with Court Conference at (866) 582-6878 by 4:00 p.m. of the prior court day. Telephonic attendance is optional. Court Conference charges a fee for this service. That fee is the responsibility of the party in interest electing to attend by telephone.

## PROCEDURE FOR FILING DOCUMENTS

    Unless otherwise ordered by the court, all filings due seven (7) calendar days or less before a scheduled hearing shall be filed at the Sacramento Division clerk's office before 4:00 P.M. on the date they are due. Failure to comply with this requirement may result in the imposition of sanctions pursuant to LBR 1001-1(g).

Dated: JUN 1 8 2013

*Thomas C. Holman*
Thomas C. Holman
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Kamee Vang, in the performance of my duties as Deputy Clerk to the United States Bankruptcy Court for the Eastern District of California, on the date set forth below mailed a true copy of the attached document to each of the parties listed below by first class United States mail, postage prepaid:

Alberto Gonzalez
P O Box 1221
Nevada City, CA 95959

Gilbert E. Maines
1320 Crooked Mile Ct
Placerville, CA 95667

Office of the U.S. Trustee
U.S. Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

DATE: 6-18-13

_Kamee Vang_
Deputy Clerk

5