**Gilbert Maines, Esq. (SBN #48286)**
**LAW OFFICE OF Gilbert Maines**
**1320 Crooked Mile Court**
**Placerville, CA 95667**
**Ph.: 530-626-3562**
**Fax: 530-626-3562**
**E-mail: gem@maineslaw.com**

**Attorney for Debtor-in-possession Alberto Gonzalez**

# UNITED STATES BANKRUPTCY COURT

## IN THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re: ALBERTO GONZALEZ, ) | Case No. 2013-27008 |
| ) | |
| Debtor in Possession ) | Chapter 11 |
| ) | |
| ) | Debtor's Status Conference Statement |
| ) | |
| ) | |
| ) | Judge: Hon. Thomas Holman |

    1.    Alberto Gonzalez, the debtor-in-possession in the above captioned Chapter 11 case (the "Debtor"), hereby provides his Chapter 11 status conference statement, pursuant to the court's notice of status conference, etc., filed herein on June 18, 2013 (Docket No. 5).

    2.    On May 23, 2013, (the "Petition Date"), the debtor filed an individual voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Court.  Post-petition the debtor continues to manage his income property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  Additionally, the debtor has attempted to reduce overhead and expenses, as well as maximize the rental income from the estate property in order to assure that adequate funds are available to satisfy any proposed plan of reorganization.

    3.    The debtor intends interposing a Chapter 11 plan, which provides for periodic

payments to creditors utilizing a variety of sources, including rental income, liquidation of the estate personal property, if necessary, investment income, as well as potential use of exempt assets.

4.  The debtor anticipates filing of a proposed Chapter 11 plan and related disclosure statements prior to the end of the 120 day exclusivity period pursuant to Bankruptcy Code Section 1121 (b). It is anticipated that the debtor will seek to have the plan confirmed under 11 USC §§ 1129 (a) (8) or 1129 (b).

5.  The debtor has filed motions to determine value concerning the estate encumbered real property. The motions came on for hearing on July 2, 2013, at 9:32 AM in this court, at which time said motions were set for evidentiary hearings on August 23, 2013, in this department before the Honorable David E. Russell.

6.  Debtor anticipates that motions will be filed for the use of cash collateral with regard to rental income of each of the estate parcels of real property. Debtor does not, at this time, anticipate filing motions to incur post-petition debt.

7.  The estate does not include any property that could potentially give rise to claims or litigation based upon federal or state environmental laws.

8.  It is anticipated that the debtor will file objections to the claims filed by Greater California Financial Services

9.  The debtor is not in compliance with requirements for retaining professionals in this bankruptcy case. It is also anticipated that it may be necessary to employ a professional for the purposes of the evidentiary hearing on motions to value.

10. The debtor commenced this action in an effort to, among other things, insure an orderly process for resolution and payment of the claims of both secured and unsecured creditors.

11. The debtor has filed his first monthly operating report for the period from the petition date through July 1, 2013.

12. The debtor has closed his prepetition bank accounts and opened debtor-in-possession accounts at financial institutions included on the list of authorized depositories issued

by the office, United States trustee (the "UST"), as reflected in documentation previously provided by the debtor to the UST.

14. The debtor has appropriate insurance coverage on assets of the estate, as reflected in documentation previously provided by the debtor to the UST.

14. Debtor is not current on payment of taxes owed post-petition to taxing authorities. Debtor has requested a stipulation from the secured creditors allegedly secured by the real property of the estate for the use of cash collateral to pay property taxes and insurance on the real property and that stipulation has been refused. It is debtor's intention to file an immediate application for use of cash collateral and requesting an order authorizing the interim use of cash collateral pending a preliminary hearing on said motion.

Dated: August 5, 2013                                    Law Office of Gilbert Maines

                                                         By: /s/      Gilbert E. Maines
                                                             Gilbert E. Maines
                                                             Attorney for Debtor Alberto Gonzalez